[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 6, 2007
THOMAS K. KAHN
CLERK

No. 06-13732
Non-Argument Calendar

_____

D. C. Docket No. 06-00025-CR-T-26EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS ANTONIO VERGARA-DOMINGUEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(February 6, 2007)**

Before TJOFLAT, HULL and FAY, Circuit Judges.

PER CURIAM:

Carlos Antonio Vergara-Dominguez appeals his two concurrent 135-month sentences for possession with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. app. § 1903(a), (g), and 21 U.S.C. § 960(b)(1)(B)(ii), and conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. app. § 1903(a), (g), (j), and 21 U.S.C. § 960(b)(1)(B)(ii). On appeal, Vergara-Dominguez argues that the district court clearly erred in denying a mitigating-role adjustment and that his sentence is unreasonable. For the reasons set forth more fully below, we affirm.

Vergara-Dominguez and seven codefendants were indicted on the above-mentioned charges, to which Vergara-Dominguez pled guilty. According to the presentence investigation report ("PSI"), on January 12, 2006, the U.S. Coast Guard obtained permission to board and search a Panamanian commercial freighter, ultimately finding 50 bales of cocaine, which weighed 1,134 kilograms. Vergara-Dominguez was identified as the deck seaman, and the other seven codefendants held the following positions: captain, chief and second engineers, first and second officers, machinist, and cook. The freighter's route took it from Spain, to Trinidad, to the Dominican Republic, to Guyana, and to Haiti. In the

2

early morning hours of January 12, 2006, the entire crew participated in the transfer of the 50 bales of cocaine from a go-fast vessel off the coast of Venezuela. Vergara-Dominguez was held accountable for 1,134 kilograms of cocaine at sentencing.

Vergara-Dominguez objected to the failure of the PSI to provide an adjustment for his role in the offense, arguing that he should receive a mitigating-role adjustment based on his lack of financial interest in the drugs or knowledge of the plans for the drugs' delivery, his limited role of lifting the cocaine bales, his lowest rank aboard the vessel, and role reductions granted to similarly situated defendants in similar boat cases. The district court overruled Vergara-Dominguez's objection, relying on the amount of drugs involved and reasoning that Vergara-Dominguez's labor was necessary to the cocaine smuggling scheme. After considering the advisory Guidelines and the 18 U.S.C. § 3553(a) factors, the court explained that, given the large quantity of cocaine, which was intended for distribution, the offense was serious. The court found that a sentence within the Guidelines range was reasonable based on the seriousness of the offense, promotion of respect for the law, providing just punishment, deterrence, and the advisory Guidelines. The district court concluded that a sentence at the low end of the advisory Guideline range was reasonable and appropriate, and sentenced

Vergara-Dominguez to two concurrent terms of 135 months' imprisonment and five years' supervised release.

## I. Mitigating-role reduction

On appeal, Vergara-Dominguez challenges the denial of a role reduction based on his limited role, further contending that the district court failed to consider his role as compared to others not on the vessel or his lack of a role in planning the criminal scheme. He also argues that the district court did not attempt to reconcile his sentence with other similarly situated defendants who were found to have played a minor role. In addition, he contends that the district court effectively placed the burden on him to establish that he played less than an aggravated role.

"[A] district court's determination of a defendant's role in the offense is a finding of fact to be reviewed only for clear error." United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). Section 3B1.2 of the Sentencing Guidelines provides for a two-level decrease if the defendant was a minor participant in any criminal activity, a four-level decrease if the defendant was a minimal participant, and a three-level decrease for participation between minor and minimal. U.S.S.G. § 3B1.2. Section 3B1.2 permits an adjustment to the Guideline range for a defendant who is substantially less culpable than the average

participant.  Id. § 3B1.2, comment. (n.3).  A minimal participant is "plainly among the least culpable of those involved in the conduct of a group."  Id. § 3B1.2, comment. (n.4).  "[T]he defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant."  Id.  A defendant is a minor participant if he is less culpable than most other participants, but his role cannot be described as minimal. Id. § 3B1.2, comment. (n.5).  "The defendant bears the burden of proving his minor role by a preponderance of the evidence."  United States v. Boyd, 291 F.3d 1274, 1277 (11th Cir. 2002).

In determining a defendant's mitigating role in the offense, the district court first "must measure the defendant's role against the relevant conduct for which [he] was held accountable at sentencing" and, second, "may also measure the defendant's role against the other participants, to the extent that they are discernable, in that relevant conduct."  De Varon, 175 F.3d at 945.  Where a drug courier's relevant conduct is limited to his own criminal act, a district court may legitimately conclude that the courier played an important or essential role in that crime.  See id. at 942-43. Furthermore, "where the relevant conduct attributed to a defendant is identical to [his] actual conduct, [he] cannot prove that [he] is entitled to a minor role adjustment simply by pointing to some broader criminal scheme in

5

which [he] was a minor participant but for which [he] was not held accountable." Id. at 941. As to the second prong, "the district court must determine that the defendant was less culpable than most other participants in [his] relevant conduct." Id. at 944. Moreover, relative culpability is not necessarily dispositive, as none of the participants may have played a minor or minimal role. Id.

As Vergara-Dominguez was the proponent of a downward adjustment, he did not improperly bear the burden of proving his mitigating role. Id. at 939. The district court's findings were sufficient, as the "district court is not required to make any specific findings other than the ultimate determination of the defendant's role in the offense." Id. at 940. Our review of the court's ultimate determination leads us to conclude that there was no clear error in this case.

With respect to the first prong of the De Varon analysis, Vergara-Dominguez was held accountable only for the 1,134 kilograms of cocaine aboard the vessel, which he helped to transfer from the go-fast boat onto his ship. Because his actual and relevant conduct were the same, Vergara-Dominguez cannot demonstrate his entitlement to a minor-role reduction by relying on a broader criminal scheme in which he only played a minor part. Id. at 941. Moreover, with respect to the second prong of the De Varon analysis, the only other participants discernable from the evidence and involved in the relevant conduct attributed to

6

Vergara-Dominguez were the seven other crew members; the conduct of participants in a larger criminal conspiracy is irrelevant. Id. at 944. Along with the rest of the crew, Vergara-Dominguez transferred the 50 bales of cocaine from the go-fast boat and onto their ship. Aside from claiming that he only assisted in lifting the drugs and relying on his position, Vergara-Dominguez provided no evidence showing that his responsibilities aboard the vessel were less important to the enterprise than those of the other crew members. Because Vergara-Dominguez's actual and relevant conduct were one and the same and involved 1,134 kilograms of cocaine, Vergara-Dominguez provided no evidence showing that his responsibilities aboard the vessel were less important to the enterprise than those of the other crew members, and Vergara-Dominguez participated in transferring the cocaine onto the vessel, we hold that the district court did not clearly err in denying a mitigating-role adjustment.

## II. Reasonableness of Sentence

Vergara-Dominguez argues that his sentence was unreasonable, due to his responsibility for family members who lived in poverty and without government assistance, and because of coercion. He further argues that a sentence below the Guidelines range would have been sufficient, but not greater than necessary to comply with 18 U.S.C. § 3553, and that the district court failed to consider the

need to avoid unwarranted sentence disparities.

We review the final sentence imposed by the district court for reasonableness. United States v. Winingear, 422 F.3d 1241, 1245 (11th Cir. 2005). We consider the factors outlined in 18 U.S.C. § 3553(a) and the district court's reasons for imposing the particular sentence. United States v. Williams, 456 F.3d 1353, 1360-61 (11th Cir. 2006), pet. for cert. filed, (U.S. Oct. 19, 2006) (No. 06-7352). The § 3553(a) factors take into account:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). While the district court must consider the § 3553(a) factors, it is not required to discuss each factor. Id. "[T]here is a range of reasonable sentences from which the district court may choose" and the burden of establishing that the sentence is unreasonable in light of the record and the § 3553(a) factors lies with the party challenging the sentence. Id. at 788. "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court[,]" and "[w]e will not

8

substitute our judgment in weighing the relevant factors . . . ." <u>Williams</u>, 456 F.3d at 1363. "When reviewing the length of a sentence for reasonableness, we will remand for resentencing if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." <u>Id.</u>

The district court did not fail to consider the need to avoid unwarranted sentence disparities, as it stated that it considered the § 3553(a) factors, and it was not required to discuss each factor. <u>Talley</u>, 431 F.3d at 786. The district court, having already rejected Vergara-Dominguez's coercion argument as it related to a downward departure under the Guidelines due to the absence of credible evidence, focused on the seriousness of the offense, promotion of respect for the law, providing just punishment, deterrence, and the advisory Guidelines in reaching a reasonable sentence. Given the district court's finding that there was no credible evidence supporting a downward departure based on coercion and its reliance on the above-mentioned § 3553(a) factors, Vergara-Dominguez cannot meet his burden to establish that his 135-month sentence, at the low end of the advisory Guidelines range, is unreasonable.

In light of the foregoing, we **AFFIRM.**